UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLOTTE DUKES, Individually and
on behalf of all others similarly situated,

    Plaintiff,

                                              Case No:
                                              Collective Action

    v.

ERTC EXPRESS, LLC and
JOHN SOUZA

    Defendants.
_____.

**<u>FLSA COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL</u>**

Plaintiff CHARLOTTE DUKES, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, sues Defendants ERTC EXPRESS, LLC ("ERTC") and JOHN SOUZA ("Souza") (hereinafter collectively "Defendants") for violations of 29 U.S.C. 201 *et seq*. of the Fair Labor Standards Act (the "FLSA"), and states as follows:

**<u>INTRODUCTION</u>**

1. Defendants have willfully FAILED to pay overtime wages to all Inside Sales Representatives (ISR) working under the job titles of: Account Executives, Senior Account Executives (collectively, "Account Executives"), Sales

Development Representatives or Business Development Representatives, or Sales Consultants (collectively "Inside Sales Representatives" or "ISR").

2. All members of the putative class or collective group were and are classified as salaried exempt employees by Defendants, and thus willfully excluded from being paid overtime premiums by Defendants.

3. Defendants represent that they operate its business from five offices: 1) Tampa, FL, 2) New York, NY, 3) Nashville, TN, 4) Atlanta, GA, and 5) Los Angeles, CA with ISR working either at the office, remotely, or a combination of the two, and reporting to 1 or the other offices from where it employed similarly situated ISR, all working under similar compensation plans, performing similar if not identical job responsibilities, and all suffering from the same, common unlawful pay practices pursuant to a de facto policy and scheme to avoid overtime wages and save millions of dollars in labor costs.

4. Defendants created and maintained a scheme to avoid paying overtime wages to all its ISR, and thus keeping millions of dollars of wages owed to 300 or more employees by misrepresenting to its employees that they were exempt under the FLSA.

5. Plaintiff herein commences this legal action against Defendants for willful violations of the federal wage and hour overtime pay laws and related regulations on behalf of all similarly situated current and former ISR of Defendants who worked anytime in the preceding three (3) years to the present.

6. Plaintiff and the class of similarly situated employees were unlawfully not compensated a premium for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendants to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other ISR.

7. Defendants willfully failed to pay Plaintiff, and all similarly situated persons in accordance with the Fair Labor Standards Act (FLSA). Specifically, Plaintiff, and similarly situated employees were not paid all overtime compensation due for all hours they worked in excess of forty (40) hours per week.

8. Plaintiff, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendants' pay practices were not only clearly unlawful, but UNFAIR as well.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 since this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

11. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

12. This Court has general jurisdiction over Defendants for the claims of all those similarly situated from across the U.S. and for non-resident opt in plaintiffs since the Defendants' principal office is within this district.

13. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the damages occurred within this district.

## THE PARTIES

14. Plaintiff CHARLOTTE DUKES is a citizen and resident of Florida.

15. Plaintiff worked for Defendants as a Senior Account Executive from June 2022 to September 2022, then from October 2022 to August 2023, and lastly from October 2023 until December 18, 2023.

16. Plaintiff worked at Defendants' office that was originally located on Florida Avenue, Tampa, FL. In or about October 2022 Plaintiff began working at 5404 Cypress Center Dr. Suite 375, Tampa, FL 33609 when Defendants moved their office to this location.

17. At certain times in her employment, Plaintiff was allowed to work remotely from her home and did so.

18. The primary job duties of an Account Executive or a Senior Account Executive, such as Plaintiff, were to make business to business calls to sell Defendants' ERTC or Employee Retention Tax Credit services to other businesses.

Plaintiff was thus an inside sales representative (ISR). Plaintiff and Account Executives would call business based on leads provided by Defendants or would call businesses based on appointments that were set up by Defendants' Sales Development Representatives or Business Development Representatives.

19. The primary job duties of Sales Development Representatives or Business Development Representatives was to contact the leads provided by Defendants to set up an appointment for Defendants' Account Executives to call in an attempt to sell Defendants' services. Additionally, Sales Development Representatives or Business Development Representatives were not restricted from the sales themselves.

20. The ISR over some or all of the relevant FLSA 3-year statute of limitations period preceding the filing of this complaint were classified as salaried and exempt employees under the FLSA and not paid any premium for overtime hours, and who did not report or clock in and out all their work hours.

21. At all times material, Plaintiff and those similarly situated were employees of Defendants during the term of their employment as contemplated by 29 U.S.C. § 203.

22. Plaintiff was paid a base salary and was eligible for and did receive non-discretionary sales commissions or bonus as did all other Account Executives and ISR.

## **DEFENDANTS**

23. Defendant ERTC EXPRESS, LLC is a Foreign Limited Liability Company with a principal place of business located at 5404 CYPRESS CENTER DRIVE SUITE 375, TAMPA, FL 33609.

24. Defendant ERTC may be served through its Registered Agent for service of process at URS AGENTS, LLC, 3458 LAKESHORE DRIVE, TALLAHASSEE, FL 32312.

25. As stated by Defendant ERTC on its website[1], "We help business owners like you navigate the complex filing process to receive the highest amount you legally qualify for from the Employee Retention Tax Credit Program, so you can build, grow, and scale your business."

26. Defendant Souza is the Manager of Defendant ERTC EXPRESS, LLC. Defendant Souza is also the co-founder and CEO of Defendant ERTC EXPRESS LLC[2].

27. Upon information and belief, Souza engaged in day-to-day operational control of the business of Defendant ERTC.

28. As an officer, manager, and/or owner of Defendant ERTC, Defendant Souza is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

---

[1] https://ertc.com/about-us/ (accessed Mar. 6, 2024)
[2] https://johnsouza.com/about/ (accessed Mar. 6, 2024)

29. Defendant Souza directed and controlled the day-to-day work of Plaintiff and the class of similarly situated and is jointly responsible for the compensation plans and unlawful pay practices complained of herein. Thus, Souza is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

30. Defendant Souza is a resident of Florida.

31. Defendant ERTC is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods, is involved in interstate commerce and has employed 50 or more employees at any given time during the preceding 3 years to the present day.

32. Alternatively, Plaintiff engaged in interstate business soliciting businesses across state lines and to which transactions occurred and monies were paid and recovered across state lines.

33. The overtime wage provisions set forth in FLSA §207 apply to Defendants, as they combined engage in interstate commerce making business to business (b2b) calls soliciting to sell Defendants' Employee Retention Tax Credit (ERTC) services to other businesses.

34. Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203.

35. Thus, Defendants had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance and the failure to do so subjects it to the payment of liquidated damages and a three (3) year statute of limitations for FLSA violations.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

36. This collective action arises from a longstanding and continuing wrongful scheme by Defendants to willfully refuse to pay overtime wages to a large class of employees, persons working as Account Executives or Senior Account Executives, Sales Development Representatives or Business Development Representatives or under various other job titles, who Defendants know or should have known, were misclassified and should have been paid overtime premiums throughout the preceding 3 years.

37. Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

> **All salaried employees working as Account Executives, Senior Account Executives, Sales Development or Business Development Representatives, or other persons working as Inside sales Representatives (ISR) under any other job titles, who are currently or were previously employed anywhere in the U.S. with ERTC EXPRESS, LLC within the past three years preceding the filing of this lawsuit to the present.**

38. Plaintiff is able to protect and represent the Collective or putative class, and is willing, able, and consents to doing so.

39. Plaintiff routinely worked more than forty (40) hours in workweeks throughout the term of her employment with Defendants and without being paid all overtime compensation due for all these overtime hours.

40. Upon information and belief, at any given time, Defendants employed approximately 50 Account Executives, such that with turnover, the class of Account Executives is 200 or more, and 100 or more for Sales Development Representatives or Business Development Representatives.

41. Generally, Defendants did not provide a means for salaried ISR to report, record, or clock their work hours or meal breaks. Instead, Account Executives and other ISR were encouraged to work as many hours to make as many sales as possible, hit performance metrics or sales goals.

42. However, for approximately a 30-day period in the fall of 2022, ISR were required to clock in and out using an app on their computers or smartphones. Outside of this brief period, ISR did not record or report their work hours.

43. Defendants mandated Plaintiff and the class of similarly situated to work a corporate set schedule of Monday through Friday, 9 am to 6 pm, with a one-hour lunch break.

44. Defendants also required Plaintiff and the class of similarly situated to work on the last Saturday of each month from approximately 9 am to 5 pm with a one-hour lunch break.

45. Further, if an Account Executive did not make 10 sales in a week, he or she would be required to work on the following Saturday, regardless if it was the last Saturday of the month or not.

46. Plaintiff regularly worked during most or all of this permitted one hour lunch break, and without an uninterrupted Bona Fide meal break as defined in the FLSA.

47. Additionally, Defendants frequently brought in lunch for its ISR to encourage the ISR to work through and during their lunch breaks.

48. Plaintiff alleges for herself and on behalf of the putative class who elect to opt-in to this action, that they are entitled to unpaid wages from Defendants for overtime work for which they did not receive all overtime compensation as required by the FLSA, plus an equal sum in liquidated damages.

49. Upon information and belief, all Account Executives were paid under a common pay or compensation plan of a base salary plus the opportunity to earn a commission based on sales made. Sales Development Representatives or Business Development Representatives are believed to have a different commission or bonus plan, in addition to a base salary.

50. Beginning in February 2023, Account Executives were also eligible to receive a bonus of $2,500 if they remained with the company for 90 days.

51. All ISR working under the various job titles also performed their job duties in a uniform, similar manner; and all were supervised and managed according

to the same national standards and uniform policies and procedures set by the Defendants and applicable to all offices and to all Account Executive working remotely.

52. All ISR within this defined putative class or collective group were treated and classified by Defendants as exempt employees, and whose primary duty was selling Defendants' services by soliciting other businesses through telephone and email communications.

53. ISF were purposefully and willfully misled by Defendants to believe they were lawfully classified as exempt from overtime pay but never justified or explained the basis or why.

54. Defendants maintained a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for ISR despite clear knowledge ISR worked and continue to work overtime hours which are unreported.

55. Defendants knew that ISR were routinely working more than 40 hours per week as Defendants encouraged ISR to work through some or all of their meal breaks and required ISR to work six days a week at least once per month.

56. The actual job duties performed by the proposed putative class of ISR do not satisfy the elements of any exemptions within FLSA §213, as all perform routine jobs whose primary job duty was sales.

57. Plaintiff, as well as the members of the putative class of similarly situated persons routinely worked through part or all of their lunch breaks and worked prior to or after the set and standardized nine (9) hour daily shift times.

58. Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

59. Pursuant to FLSA §207, Defendants, as the employer of Plaintiff and other similarly situated ISR, was and is required to pay premium pay, meaning overtime wages, for hours worked in excess of forty (40) hours per week.

60. Defendants were fully aware that ISR were working more than 8 hours in a day and more than 40 hours in a week in attempts to sell Defendants' services to other businesses.

61. Defendants do not presently and have not throughout the relevant three (3) year class period, except for a brief 30-day period in the fall of 2022, properly clocked, tracked, or recorded the actual working hours of each ISR.

62. All ISR followed corporate policies and procedures applicable to all their offices and to all remotely employed ISR wherever they lived and worked from throughout the U.S.

63. In their sales calls, Account Executives and Sales Development Representatives or Business Development Representatives were required to follow a sales script that was created by Defendants.

64. All Account Executives, Sales Development Representatives or Business Development Representatives respectively were trained to perform their job duties and expected to perform their job duties in similar manners throughout the U.S.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

65. Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

66. Defendants willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff, all Account Executives and all other persons working as inside sales representatives (ISR) under various job titles, the required overtime premiums for wages for all hours worked over 40 in each and every workweek.

67. Plaintiff, and all other persons working as Account Executives or other persons performing similar inside sales representative work under various other job titles (ISR), routinely worked more than 40 hours during their workweeks, and without being paid a premium for the overtime hours incurred.

68. Defendants knew that Plaintiff, Account Executives and all others working as ISR routinely worked more than 40 hours each week to compete and handle their job duties and responsibilities, but willfully misclassified them as a

group as exempt from overtime pay and without regard to any individualized job duties analysis.

69. Defendants had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of non-exempt employees, including Account Executives and ISR working under any job titles.

70. As Defendants failed to institute any actual time tracking system or time clock for employees to log in and out their ACTUAL work times, ISR can meet their burden here by estimating their work hours as per the U.S. Supreme Court decision, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

71. Defendants' conduct and actions classifying all Plaintiff, all Account Executives and any other persons working as ISR as exempt from overtime pay under the FLSA was a willful violation of Section 207 of the FLSA, and further lacks any good faith basis under the FLSA as inside sales representatives (ISR) such as the Account Executives and ISR here are generally considered to be non-exempt by DOL regulations and from court decisions interpreting the FLSA.

72. Defendants knew or should have known that Account Executives and all persons working as ISR did not and do not meet the definition of any exemption under the FLSA and are part of "production" who cannot or should not be classified as exempt employees under the FLSA.

73. Defendants willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative Class

comprised of all current and former similarly situated ISR a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

74. Defendants classified all ISR as exempt from overtime pay without any individualized job analysis such that they are all subjected to the same or common unlawful pay practice, and that they are all similarly situated for the purposes of pursuing their claims collectively as per Section 216(b) of the FLSA.

75. Defendants do not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one and one-half times their respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

76. As a result of Defendants' willful violations of the FLSA, Plaintiff and the putative class have suffered economic damages by Defendants' failure to pay overtime compensation in accordance with FLSA §207.

77. Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

78. As per the FLSA, Defendants have the burden to prove Plaintiff and all others similarly situated were not entitled to overtime pay during the preceding 3 years because of some exemption and Plaintiff and all others who elect to opt into

this action and assert their rights under the FLSA are not required to prove they are legally entitled to these wages.

79. Further, since Defendants did not track and record the work hours of ISR, the burden shifts to Defendants to prove the precise hours worked by the Plaintiff and the proposed class, or the court or jury can award wages based upon the estimates by the Plaintiff and the proposed class.

80. As a result of Defendants' unlawful acts and pay practices described herein, Plaintiff and the putative class of all other similarly situated ISR have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

**WHEREFORE,** Plaintiff CHARLOTTE DUKES, individually, and on behalf of all other similarly situated past and present Account Executives and Senior Account Executives, Sales Development or Business Development Representations, Sales Consultants and all ISR and any others similarly situated seeks the following relief:

> a. Designate Plaintiff CHARLOTTE DUKES as Representative of the FLSA Collective Class;

b. That the Court find and declare Defendants willfully violated the overtime compensation provisions of the FLSA;

c. That the Court find and declare Defendants' violations of the FLSA overtime laws were and are willful and lacking a good faith basis for complying with the state and federal overtime laws;

d. That the Court enjoin Defendants, under 29 U.S.C. § 217, from withholding future payments of overtime compensation owed to members of the FLSA Class;

e. That the Court award to Plaintiff DUKES and the FLSA Class, comprised of all similarly situated employees, overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value of all compensation earned for bonuses/commission, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

f. That the Court award Plaintiff DUKES and the plaintiffs who opt into this action recovery of their reasonable attorneys' fees, costs, and expenses of litigation pursuant to FLSA § 216;

g. That the Court finds Defendants willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

h. That the Court apply a three (3) year statute of limitations to the FLSA claims; and

i. That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted March 8, 2024.

*/s/Mitchell L. Feldman*
**Mitchell L. Feldman, Esq**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
12610 Race Track Road, Suite 225
Tampa, FL 33625
Tele: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Counsel for Plaintiff and the class of similarly situated*