# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLOTTE DUKES, *individually and on behalf of all those similarly situated,*

    Plaintiff,

V.                                            Case No: 8:24-cv-00618-TPB-NHA

ERTC EXPRESS LLC and
JOHN SOUZA,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS THIS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff CHARLOTTE DUKES and Opt-In Plaintiffs (individually "Plaintiff" or together with Opt-In Plaintiffs, the "Plaintiffs") and Defendants, ERTC EXPRESS, LLC and JOHN SOUZA (collectively "Defendants"), hereinafter collectively referred to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss this Action with Prejudice and Incorporated Memorandum of Law, and state the following:

1. Plaintiff filed the instant collective action alleging unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et*

*seq.* ("FLSA"). DE 1. Plaintiff amended the complaint on June 5, 2024. DE 42. In total, thirteen people joined the collective action as Opt-In Plaintiffs.

2.  Defendants opposed these claims, raising disputes regarding the following issues: 1) the wages alleged to be owed to Plaintiffs; 2) the number of hours worked by Plaintiffs; 3) whether Plaintiffs had already been paid for all hours worked; 4) Plaintiffs' allegation that Defendants willfully violated the FLSA; and 5) the FLSA exemption status of Plaintiffs.

3.  Through their counsel, the Parties attended mediation on September 13, 2024, wherein they engaged in good faith, arms-length settlement discussions and were able to reach a settlement of the overtime wage claims of all Plaintiffs, with the exception of the amount of Plaintiffs' attorneys' fees and costs. See DE 73, Interim Mediation Report.

4.  With the assistance of Mediator Munoz, the Parties continued the discussions and negotiations over the attorney's fee claim over the next several weeks after the mediation and on September 30th, then reached an agreement settling the amount of Plaintiffs' claims for attorneys' fees and costs. See DE 75, Final Mediation Report.

5.  Based on these discussions and the analysis and exchange of information regarding Plaintiffs' job duties and time and days worked for Defendants, the Parties stipulate and represent that there is a bona fide dispute

between the Parties regarding the merits of Plaintiffs' case and the back wages and other damages and relief claimed therein.

6. Based on the facts and arguments discussed and presented between the Parties, Plaintiffs and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

7. The Parties have agreed to a settlement of Plaintiffs' claimed overtime wages. A copy of the FLSA Settlement Agreement is attached as <u>Exhibit A</u>.

8. Defendants have agreed to pay the Plaintiffs, as per the FLSA Settlement Agreement, a total amount of $60,000.00. The gross amounts to be paid to each Plaintiff are listed in Attachment A attached to the FLSA Settlement Agreement. Of the total gross amounts to be paid to each Plaintiff, one half will be paid as wages for which a W-2 will be issued, and one half will be paid as liquidated damages for which a 1099 will be issued.

9. This represents a combined payment for all amounts alleged by Plaintiffs to be owed, to include all alleged overtime wages and liquidated damages, and is an amount which represents a fair and reasonable compromise between the Parties, and which the Plaintiffs have accepted.

10. The Parties then reached a compromise and negotiated a separate agreement on the amount of Plaintiffs' attorney's fees and costs, pursuant to which

Defendants have agreed to pay Plaintiffs' counsel the total sum of $62,090.00 in two installments to cover attorney's fees and costs that were incurred by Plaintiffs' counsel based upon hourly fees and pursuant to the mandatory fee requirements of the FLSA. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiffs, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiffs for their claimed unpaid overtime wages. In this case, the amount to be paid to Plaintiffs was resolved at mediation, and only several days after mediation did the Parties agree to the amount of attorney's fees and costs. See DE 73, 75.

11. Additionally, per the Settlement Agreement, the Parties request this Court to retain jurisdiction to enforce the terms of this agreement through the payment of attorney's fees and costs. Exhibit 1 at ¶ 22.

12. The Settlement Agreement will result in Plaintiffs receiving a payment within fourteen (14) days of Court approval of the settlement agreement or by a Court order dismissing this action, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation. The Settlement Agreement further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

## **MEMORANDUM OF LAW**

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id*.

### A. Plaintiffs' Recovery is Fair and Reasonable

In the instant matter, the Parties stipulate that the issue of Plaintiffs' recovery was negotiated independently, at arm's length, and resolved to the Plaintiffs satisfaction. The Plaintiffs could have chosen to continue in litigation but elected to compromise their claims and resolve this bona fide dispute. The amount of Plaintiffs' recovery represented a compromise based upon a bona fide dispute as to the issues of whether wages are owed to Plaintiffs; the number of hours worked by Plaintiffs; whether liquidated damages should be imposed; and whether Plaintiffs were exempt from the FLSA.

In this case, Plaintiffs were classified and treated as exempt employees, and Defendants did not require Plaintiffs to keep track of their work hours. Defendants disputed the claims and the number of hours allegedly worked. Nevertheless, without admitting any fault or liability, the Parties came to this compromise to

avoid the time, expense, and uncertainty with litigation. Plaintiffs also take into consideration the risks that they could be awarded by the jury far less than the wages agreed to be paid by Defendant herein if litigation proceeded, and the risk that even if they prevailed at trial, the Defendant might not have any resources to pay a judgment if obtained down the line following a jury trial, or any appeal that might follow.

At mediation, Defendants agreed to pay the Plaintiffs a total sum of $60,000.00 to resolve their overtime wage claims. This amount was then pro-rated amongst the Plaintiffs based on their own individual estimates of unpaid overtime wages and dates of employment. The sum Defendants agreed to pay represents a compromise of the whole amount of unpaid overtime wages Plaintiffs estimated they were owed, plus an equal amount of money in recovery of the liquidated damages claim, and thus is an amount which represents a fair and reasonable compromise between the Parties. Ms. Dukes determined that the resolution was fair and reasonable and in the best interests of herself and the opt in plaintiffs to resolve, who had given their consent and proxy to Ms. Dukes to resolve on their behalf. All the Plaintiffs have been informed by their counsel of the resolution as well.

Lastly, the Settlement Agreement here contains neither a general release nor a confidentiality agreement. *Bright v. Mental Health Res. Ctr., Inc.*, No.

3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012)("Pervasive, overly broad releases have no place in settlements of most FLSA claims."); *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302 (N.D. Ga. 2017) (striking confidentiality provision as it was in contravention of "the purpose of the FLSA and the public's interest").

### B. The Attorney Fees Here Were Negotiated Independently of Plaintiffs' Recovery

In regard to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.* "Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary". *DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013); cited by *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 5491 (M.D. Fla. Jan. 10, 2023) approved at: *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 17051 (M.D. Fla. Feb. 1, 2023).

At mediation, the Parties were able to resolve the amount to be paid to the Plaintiffs, but largely did not even discuss the amount to be paid in attorney fees let

7

alone come to an agreement on the same. As the Interim Mediation Report states, "**The case has been completely settled, except for Plaintiffs' claims for attorneys' fees and costs.**" DE 73 (emphasis added).

Approximately 2 weeks after the mediation and after the amount to be paid to the Plaintiffs was already settled, the Parties then came to an agreement as to the amount of Plaintiffs' attorney fees and costs to be paid by Defendants. Even though the scheduled mediation had ended, the Mediator continued to assist and helped the Parties come to an agreement on the attorney fees. DE 75.

As the attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiffs, and thus in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiffs for their claimed unpaid overtime wages. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (MDFL 2009), cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees, reached with mediator assistance, and thus represents a fair and reasonable sum on its face. The settlement agreement contemplates that if Defendant defaults

8

on the payment of the attorney's fees, the attorney's fee settlement is void and Plaintiffs' counsel has a period of 30 days thereafter to seek to file a motion for fees and costs. Thus, the Court is requested to retain jurisdiction through the payment of all attorney's fees and costs in the unlikely event there is a default and Plaintiffs must file their motion for attorney's fees.

The Settlement will result in Plaintiffs receiving a payment within 14 days of the Court approving this settlement, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation, and further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement, dismissing this action with prejudice, retain jurisdiction to enforce the terms of the Settlement Agreement through the payment of attorney's fees and costs, and granting such further relief as this Court deems just and proper.

Respectfully submitted October 21, 2024.

| | |
|---|---|
| By: */s/ Mitchell L. Feldman* <br> Mitchell L. Feldman, Esq. | By: */s/ Michael Harper* <br> Aaron Behar, Esq. |

9

| | |
|---|---|
| Florida Bar No. 0080349 | Florida Bar No.: 166286 |
| FELDMAN LEGAL GROUP | Michael Harper, Esq. |
| 12610 Race Track Road, Suite 225 | Florida Bar No.: 52207 |
| Tampa, Florida 33626 | BeharBehar |
| Telephone: (813) 639-9366 | 490 Sawgrass Corporate Parkway |
| Facsimile: (813) 639-9376 | Ste. 300 |
| *Attorney for Plaintiff and all others similarly situated* | Sunrise, FL 33325 |
| | Telephone: (954) 990-8639 |
| | Facsimile: (954) 332-9260 |
| | Email: ab@beharbehar.com |
| | E-mail: mh@beharbehar.com |
| | Counsel for Defendants |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing, with the Clerk of Court by using the CM/ECF system on this date. Parties may also obtain a copy directly from the CM/ECF system.

*/s/ Mitchell L. Feldman, Esquire*
Mitchell L. Feldman
Florida Bar No. 0080349